IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



Nos. 10-04-00349-CR,
10-04-00350-CR,

10-04-00351-CR &
10-04-00352-CR

 

Robert Lee Austin, III,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 82nd District Court

Falls County, Texas

Trial Court Nos. 8001, 8002,
8003 & 8004

 



MEMORANDUM  Opinion



 








          Robert Lee Austin, III pleaded guilty
before a jury to four separate charges: murder and three charges of aggravated
assault.  The jury assessed his punishment at seventy-five years’ imprisonment
on the murder charge, twenty years’ imprisonment on one of the aggravated
assault charges, and ten years’ imprisonment on each of the remaining
aggravated assault charges.  Austin contends in his sole issue that his guilty
pleas must be set aside because the record does not reflect that they were made
knowingly and voluntarily.  We will affirm.

The Guilty Pleas

          Before the commencement of voir dire, Austin’s counsel advised the court that Austin intended to plead guilty to each charge. 
Below are excerpts from the interchange which occurred thereafter among the
court, Austin, Austin’s counsel, and the prosecutor.

          COUNSEL:   For the record, Your Honor,
the State originally floated an offer of 30 years contingent on the family’s
acceptance.  I had conveyed that to my client.  We discussed the fact this is a
5- to 99-year sentence.  He is probation eligible; he knows that as well.  And
we had made a determination to accept that plea offer.  However, the
contingency did not come through.  The family wanted a trial, and the State
withdrew their offer.

 

                              I talked to my
client about his right to have a jury trial in the guilt-innocence phase.  We
discussed that as well as the punishment.  It was our decision and Mr. Austin’s
ultimate decision to plead guilty to the Court and then go to the jury for
punishment on this issue.

 

          . 
.  .  .

 

          COURT:       Okay.  First of all, are
there any mental issues that we need to deal with concerning competency to
stand trial?  Mr. Austin appears to be fine and able to articulate himself. 
Are there any mental issues that we need to deal with concerning—

 

          COUNSEL:   None
the defense is aware of, Your Honor.

 

          . 
.  .  .

 

          COURT:       Now, Mr. Austin, in the
event that you plead guilty to these charges—and I haven’t asked for your
formal plea at this time, but I did want to advise you the same thing that I’m
sure your attorney has advised you, that you are waiving all issues on the
guilt or innocence phase of this trial.  Do you understand that?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Okay.  A plea of guilty
means exactly what it means: That you’re pleading guilty to it.

 

          AUSTIN:      Yes, sir.

 

          COURT:       And so, therefore, you’re
waiving any issues, any legal matters that you could raise as to a charge or
any other legal issue as to the guilt or innocence phase of this trial.  Do you
understand that?

 

          AUSTIN:      Yes, sir.

 

          . 
.  .  .

 

          COURT:       We’ve gone over the
punishment.  You understand the punishment range.  Now, you’ve also filed, I
assume, in each one of these cases an application for probation?

 

          COUNSEL:   They
are on file, Your Honor.

 

          COURT:       Okay.  And the jury will
be so instructed of that.  But you understand this is the jury’s call.  There
is no recommendation from the district attorney’s office in the nature of a
plea bargain agreement to you.  There’s no cap on any of these; is that
correct?

 

          PROSECUTOR:
     Correct.

 

          COURT:       Okay.  In other words,
whatever the full range of punishment is that we’ve gone over with you, the 2
to 20, and the 5 to 99, that is the range that the jury will be instructed.  Do
you understand that?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Okay.  Now, there are
punishment issues that can be raised, as I understand, on the sudden passion
issue, and if those are properly raised to the Court’s satisfaction, then the
jury will be so instructed in the punishment phase on the issue of sudden
passion.  Do you understand that?

 

          AUSTIN:      Yes, sir.

 

          [Austin enters guilty plea to each charge]

 

          COURT:       Okay.  Are you pleading
guilty of each one of those of your own free will and accord?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Have
you had sufficient time to consult with your attorney?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Any
questions that you need to ask your attorney at this time?

 

          AUSTIN:      No, sir.

 

          COURT:       I recognize that your
attorney has spent a considerable amount of time in this case talking to you
about it, looking at the evidence that’s been offered by the district
attorney’s office.  Is there anything you need to take up with me at this time
concerning the performance of your attorney?

 

          AUSTIN:      No, sir.

 

          COURT:       Okay.  Are you satisfied
100 percent with his performance, his investigation, his consultation with you
on these matters?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Okay.  And are you
pleading guilty to each one of these because  you are guilty and for no other
reason?

 

          AUSTIN:      Yes, sir.

 

Validity of the Guilty Pleas

          Austin contends in his sole issue that
his guilty pleas are invalid because the record does not reflect that the court
admonished him that he was waiving his privilege against compelled
self-incrimination and the right to confrontation.

          The procedural facts of Austin’s case are similar to those presented to the Court of Criminal Appeals in Gardner
v. State, 164 S.W.3d 393 (Tex. Crim. App. 2005).  Like Austin, the
appellant in Gardner contended that his plea was invalid “because the
record d[id] not affirmatively show that appellant understood the nature of the
constitutional due process protections that he was waiving when he pled
guilty.”  Id. at 398.

          The Court observed that the
intelligent and knowing nature of that appellant’s plea was shown in part by inference
from his counsel’s statements that he “would testify even though he did not
have to under the Fifth Amendment” and that his plea “saved the victim from
having to testify and saved the jury the ‘grueling experience’ of determining
[his] guilt.”  Id. at 399 (citing Henderson v. Morgan, 426 U.S. 637, 647, 96 S. Ct. 2253, 2258, 49 L. Ed. 2d 108 (1976) (“it may be appropriate to
presume that in most cases defense counsel routinely explain the nature of the
offense in sufficient detail to give the accused notice of what he is being
asked to admit”); United States v. Henry, 933 F.2d 553, 559 (7th Cir.
1991) (“defendant’s intelligent awareness” of constitutional rights “can be reasonably inferred from the transcript”)).

          The Court also observed:

                   The voluntary nature of
appellant’s guilty plea is further shown in the record by the overwhelming
evidence that appellant’s guilty plea was part of a strategy (which we may also
infer was done in consultation with competent counsel) to persuade the jury to
grant appellant probation.  Unlike this case, the record in Boykin was
silent on whether the defendant’s guilty plea was part of some trial strategy. 
See Boykin [v. Alabama], 395 U.S. [238,] 240, 89 S.Ct. 1709[,
1710, 23 L. Ed. 2d 274 (1969)] (“Trial strategy may of course make a plea of
guilty seem the desirable course.  But the record is wholly silent on that
point and throws no light on it.”).  We further note that in Brady, the
Supreme Court upheld the validity of a guilty plea accompanied by admonishments
similar to those here.  Brady [v. United States], 397 U.S. [742,] 743-44 n.2, 90 S. Ct. 1463[, 1466 n.2] and at 754-55[, 90 S. Ct. at 1472, 25 L. Ed. 2d 747
(1970)] (noting that defendant’s guilty plea was “entered in open court and
before a judge obviously sensitive to the requirements of the law with respect
to guilty pleas”).

 

Id. at 399-400 (footnote omitted).

          Here, it may be reasonably inferred
from counsel’s statements on the record that counsel thoroughly explained Austin’s right to a jury trial and the rights he would be forfeiting if he pleaded
guilty.  “The voluntary nature of [Austin]’s guilty plea is further shown in
the record by the overwhelming evidence that [his] guilty plea was part of a
strategy (which we may also infer was done in consultation with competent
counsel) to persuade the jury to grant [him] probation.”   See id.

Accordingly, we overrule Austin’s sole issue and
affirm the judgment in each case.

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed March 8, 2006

Do not publish

[CRPM]